UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  V.  FRENCHILLA NICHELLE GREER, a/k/a FRANCHILLA NACHELLE MCCOY-GREER,  Defendant. | CRIMINAL ACTION NO. 5:12-100-KKC  **MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the Defendant Frenchilla Nichelle Greer's motion for modification of sentence pursuant to Retroactive Guideline Amendment 782. (DE 413). The amendment reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses.

Greer pleaded guilty to two charges, conspiracy to distribute 28 grams or more of cocaine base and distribution of crack cocaine. (DE 182, Plea Agreement). The Court sentenced Greer to a term of 60 months for each charge, to run concurrently, for a total term of 60 months. (DE 268, Judgment).

The distribution of 28 grams or more of cocaine base triggers a mandatory term of imprisonment "which may not be less than 5 years and not more than 40 years." 21 U.S.C. § 841(b)(1)(B). The United States and Greer agree that the amount of cocaine base she is responsible for is 28 to 112 grams. Greer's presentence report found that her total offense level is 23 with a criminal history category of III; therefore, Greer's guideline imprisonment range was 57 to 71 months. But, pursuant to the statutory minimum under § 841(b)(1)(B),

Greer's effective guideline range was 60 to 71 months. Greer's 60 month sentence *is* the minimum sentence Greer could have received due to the statutory mandatory minimum.

Consequently, Greer is not entitled to a sentencing reduction pursuant to Amendment 782. A defendant who is subjected to a statutory mandatory-minimum sentence may not benefit from an amendment reducing the Drug Quantity Table offense levels because the statutory mandatory minimum is unchanged and still applies. *See, e.g.*, *United States v. Kelley*, 570 F. App'x 525, 531 (6th Cir. 2014) ("[T]he amendments at issue do not lower [the defendant]'s applicable guideline range, because the statutory mandatory minimum term of imprisonment trumps [the defendant's] otherwise applicable guideline range."); *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009) ("Where a mandatory minimum sentence exceeds the otherwise applicable Guidelines range . . . it replaces the Guidelines range."). Amendment 782 did not reduce the statutory mandatory minimum, and Greer received the minimum sentence pursuant to § 841(b)(1)(B).

Accordingly, the Court **ORDERS** that the defendant's motion for a sentencing reduction (DE 413) is **DENIED**.

Dated April 8, 2015.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY